IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DIONKO HORTON                                                                              PLAINTIFF

V.                                              CIVIL NO. 4:10-04169

BOBBY SLIGER; SGT.
JEREMY BROWN; CPT.
JOHNNY GODBOLD; SHERIFF
JERRY CRANE; and
CHIEF JAMES SINGLETON                                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dionko Horton filed this case *pro se* pursuant to 42 U.S.C. § 1983 on November

29, 2010.  ECF No. 1.  Now before the Court is Plaintiff's failure to comply with the Court's

orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan

O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  After careful consideration, the undersigned makes the

following Report and Recommendation.

**I.       BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County

Detention Center in Hope, Arkansas.  Plaintiff's address of record indicates he has since been

released from incarceration and resides in Hope, Arkansas.

In his Complaint, Plaintiff claims his constitutional rights were violated (1) on November

7, 2010 when he was forced to sleep and eat in his cell with feces and urine on the floors and

walls (ECF No. 1, pp. 4-5); (2) when he was denied medical care after he became ill from the

November 7, 2010 incident (ECF No. 1, p. 10; ECF No. 7, pp. 1-3); (3) on November 16, 2010, when Separate Defendants Sliger and Brown stripped searched Plaintiff because they were mad at him for putting in "some paper work on them" (ECF No. 7, p. 5); (4) on November 16, 2010 when Separate Defendant Sliger targeted, and attempted to provoke Plaintiff by pushing him two times (ECF No. 7, pp. 6-7); (5) when Separate Defendant Godbolt allowed the unsanitary conditions regarding his drinking cup (ECF No. 7, p.9-10); and (6) when Separate Defendant Godbolt violated his due process rights with twenty-three-hour lock down (ECF No. 7, p. 9). Plaintiff has brought this action against Defendants in both their official and individual capacities.

The claims in this case were narrowed through the Court's ruling on Defendants' summary judgment motion in March 2013. ECF No. 41. Four of Plaintiff's claims survived summary judgment: (1) the denial of medical care claim; (2) the unlawful strip search claim; (3) the retaliation claim; and (4) the conditions of confinement claim related to Plaintiff's drinking cup. ECF No. 41.

On May 9, 2013, the Court set this matter for an evidentiary hearing on the remaining claims. ECF No. 42. In this Scheduling Order the Court set the hearing for September 5, 2013 and ordered the parties to file all pretrial disclosures (including witness lists for subpoena) by August 6, 2013. ECF No. 42. This Order also advised Plaintiff that no subpoenas would be issued for witnesses submitted after August 6, 2013. ECF No. 42. This Order was sent to Plaintiff's address of record and was not returned as undeliverable.

On May 21, 2013, Defendants moved to continue the hearing date. ECF No. 43. The Court granted Defendants a continuance and reset the hearing for September 16, 2013. ECF No. 44. This Order resetting the hearing date stated that all deadlines remained the same as set forth

in the original scheduling order at ECF No. 42.  ECF No. 44.  This Order was sent to Plaintiff's address of record and was not returned as undeliverable.

On August 5, 2013, the *pro se* law clerk for the Court sent the parties a reminder letter regarding the September 16, 2013 hearing and pre-hearing disclosure deadline.  Within this letter Plaintiff was specifically advised of his Court ordered duties: "Mr. Horton, because you are proceeding *in forma pauperis* and *pro se*, the Court will issue and serve all writs and subpoenas on your behalf.  In order for the Court to issue subpoenas or writs, **you must file your response to the Civil Trial Final Scheduling Order no later than August 16, 2013."**  This letter was sent to Plaintiff's address of record and has not been returned as undeliverable.

Plaintiff did not submit his pre-hearing disclosures on August 16, 2013.  Accordingly, on August 19, 2013, the Court issued an Order to Show Cause directing Plaintiff to show cause why he failed to submit his pre-hearing disclosures and also to submit such disclosures no later than August 26, 2013.  ECF No. 46.  Plaintiff failed to respond or submit his pre-hearing disclosures.  Plaintiff was also advised in this Order to Show Cause that failure to respond to the Order would subject this matter to dismissal.  The Order to Show Cause was sent to Plaintiff's address of record and has not been returned as undeliverable.

## II.    APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any

3

communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.    DISCUSSION

Plaintiff has failed to comply with three Court orders—the Court's May 9, 2013 Scheduling Order, the Court's July 16, 2013 Amended Scheduling Order, and the Court's August 19, 2013 Order to Show Cause.  Plaintiff has also failed to prosecute this case.  Plaintiff has not communicated with the Court since February 1, 2013.  The Court cannot move forward with the scheduled evidentiary hearing without Plaintiff's pre-hearing disclosures.

4

Because the Court's Orders and correspondence sent to Plaintiff at his address of record were not returned as undeliverable, the Court presumes Plaintiff received the Orders and correspondence and willfully disobeyed them.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed with prejudice.  *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.     CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th  day of September 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE